UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV18-09708 JAK (SSx) | Date | March 4, 2019 |
|---|---|---|---|
| Title | Wolfgang Puck, et al. v. W.P. Productions, Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE MOTION FOR REMAND TO STATE COURT AND REQUEST FOR ATTORNEYS' FEES (DKT. 10)   **JS-6: Remand**

On June 5, 2018, Wolfgang Puck and Barbara Lazaroff (collectively, "Petitioners") filed a petition to confirm an arbitration award ("Petition") in the Los Angeles Superior Court. Dkt. 1-1. The Petition names as respondents W.P. Productions, Inc. ("WPP") and W.P. Appliances, Inc. ("WPA") (collectively, "Respondents"). On July 25, 2018, an order was entered that granted the Petition. Dkt. 10-4. Judgment was entered in favor of Petitioners, the amount of which was later amended to include interest, fees and costs. *Id.*; Dkt. 10-6. On October 17, 2018, Petitioners filed a "Motion to Amend Judgment to Add Sydney Silverman as a Judgment Debtor." Dkt. 1-1 at 60-73. The Superior Court has not ruled on that motion.

On November 16, 2018, Sydney Silverman ("Silverman") removed the action on the basis of diversity jurisdiction. Dkt. 1. On December 11, 2018, Petitioners filed a motion to remand the action to the Superior Court ("Motion"). Dkt. 10. Silverman filed an opposition, and Respondents filed a joinder in the opposition. Dkts. 13, 14. Petitioners filed a reply. Dkt. 16. On February 26, 2019, Silverman and Petitioners filed supplemental briefs as directed by the Court. Dkts. 22, 23. Pursuant to Local Rule 7-15, it was determined that the Motion could be decided without oral argument, and the Motion was taken under submission. Dkt. 24.

"The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Federal courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "The 'strong presumption' against removal jurisdiction means that the [removing party] always has the burden of establishing that removal is proper." *Id.*

Pursuant to 28 U.S.C. § 1441, certain civil actions "may be removed by the defendant or the defendants, to the district court." As the Ninth Circuit has stated, "[t]he removal statute, 28 U.S.C. § 1441, is quite clear that only a 'defendant' may remove the action to federal court." *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005). However, some courts have found that "'a real party defendant in interest'" may remove an action before it is named as a defendant. *E.g., La Russo v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-09708 JAK (SSx) | Date | March 4, 2019 |
|---|---|---|---|
| Title | Wolfgang Puck, et al. v. W.P. Productions, Inc., et al. | | |

*St. George's Univ. Sch. of Med.*, 747 F.3d 90, 96-97 (2d Cir. 2014) (a "real party defendant in interest is . . . entitled to remove" when the plaintiff sues an entity that does not have the capacity to be sued); *Gebran v. Wells Fargo Bank, N.A.*, No. CV 16-07616 BRO (MRWx), 2016 WL 7471292, at *3-4 (C.D. Cal. Dec. 28, 2016) (collecting cases).

Silverman has not been named as a defendant in this action. Thus, even adopting the position of those courts, Silverman could remove the action only if he demonstrates that he is a "real party defendant in interest." Because Silverman removed this action, he bears the burden of demonstrating that removal is proper on that or any other basis. Silverman has not provided support for the proposition that he is a "real party defendant in interest." Rather, Silverman disputes that he is an alter ego of the named respondents, WPP and WPA. Silverman's Opposition, Dkt. 13 at 8 ("[T]here has been no finding by any state or federal court that Silverman is an alter ego of WPP and/or WPA."); *id.* at 8 n.2 ("statements referring to Silverman as the alter ego of WPP and WPA . . . are unproven allegations and should be disregarded by the Court for purposes of the Motion"); *id.* at 17 n.4 (noting that no evidence has been presented in connection with the Motion to support a finding that Silverman is the alter ego of the named respondents).

Silverman seeks to "contest in federal court" that he is an alter ego of the named respondents and consequently a "real defendant" in the Superior Court action, thereby warranting the request by Petitioners to amend the judgment pursuant to Cal. Code Civ. Proc. § 187. Silverman's Supplemental Brief, Dkt. 23 at 6; *see also McClellan v. Northridge Park Townhome Owners Ass'n, Inc.*, 89 Cal. App. 4th 746, 752 (2001) (amending a judgment pursuant to § 187 "is an equitable procedure based on the theory that the court is not amending the judgment to add a new defendant but is merely inserting the correct name of the real defendant"). However, unless Silverman is actually named as a defendant, or is otherwise a "real party defendant in interest," he cannot satisfy the requirements of the removal statute. Because Silverman has provided no support for such a finding, and disputes that he is the alter ego of the named respondents, the removal of this action was improper.

Petitioners and Silverman each has requested an award of attorney's fees in connection with the Motion. Each argues that the position advanced by the other is unreasonable and frivolous. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The standard for awarding fees turns on "the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Silverman's position was unique, but not objectively unreasonable. Nor was the position of the Petitioners, who have prevailed on the Motion. Therefore, the cross-requests for an award of attorney's fees are **DENIED**.

For the foregoing reasons, the Motion is **GRANTED**, and the requests for attorney's fees are **DENIED**. This action is remanded to the Los Angeles Superior Court, at its Stanley Mosk Courthouse, Case No. BS173923.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | ak | |